**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| MIGUEL ORANTES, )<br><br>Plaintiff )<br>)<br>)<br>v. )<br>)<br>)<br>DG RETAIL LLC d/b/a DOLLAR )<br>GENERAL STORE #21301 )<br>)<br>Defendant. )<br>) | Case No. |

**<u>NOTICE OF REMOVAL</u>**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Dolgencorp LLC[1]

d/b/a/ Dollar General ("Dollar General") hereby files this Notice of Removal of the state court

action described below, Civil Action No. 213-2023-CV-00111 from the Superior Court of

Cheshire County, New Hampshire, where the action is now pending, to the United States District

Court for the District of New Hampshire.

Removal is appropriate pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, because Plaintiff's

claims arise under federal law, and because complete diversity exists between the parties and the

amount in controversy meets or exceeds the statutory threshold.  In support thereof, and for the

purposes of removal only, Defendant states the following:

---

[1] Plaintiff incorrectly identifies Defendant as DG Retail LLC d/b/a Dollar General Store #21301. Defendant is Dolgencorp, LLC.

1

## I.  <u>TIMELINESS OF REMOVAL</u>

1.  On November 16, 2020, Plaintiff dual-filed a Charge of Discrimination with the New Hampshire Commission for Human Rights, Case No. ED(R) 0031-21, and the U.S. Equal Employment Opportunity Commission, EEOC Charge No. 16D-2021-00023, alleging that Defendant discriminated against him by failing to provide him a reasonable accommodation and by unlawfully retaliating against him in violation of N.H. RSA 354-A and the Americans with Disabilities Act. *See* Exhibit A – NH CHR Charge Documents.

2.  On December 9, 2022, the Investigating Commissioner determined that probable cause existed on Plaintiff's claims of failure to accommodate and retaliation and scheduled a public hearing for July 19, 2023.  *See* Exhibit B – Probable Cause Finding.

3.  Plaintiff has not requested a right to sue letter from the EEOC, and the EEOC has taken no action in the matter since the Commission issued the Probable Cause finding.

4.  Pursuant to NH RSA 354-A:21a, a "party alleged to have committed any practice made unlawful under this chapter may, in any case in which a determination of probable cause has been made by the investigating commissioner, remove said complaint to superior court for trial" at any time prior to the commencement of a public hearing before the Commission.

5.  A party who seeks to remove a matter from Superior Court to federal court has no right to remove such matter to federal court prior to filing in Superior Court.

6.  On July 6, 2023, pursuant to RSA 354-A:21a, Defendant timely and properly removed the action to the Superior Court for Cheshire Country, New Hampshire.

7.  A copy of Defendant's Petition for Removal (dated July 6, 2023), Notice of Appearance of Aimee B. Parsons (dated July 6, 2023), Notice of Removal to Executive Director of the New Hampshire Commission for Human Rights (dated July 6, 2023), and Notice of Removal

to Complainant (dated July 6, 2023) with the Superior Court's stamp showing proof of filing (stamped July 6, 2023) are attached hereto as Exhibit C, Exhibit D, Exhibit E, and Exhibit F, respectively.

8.      The foregoing are the only process, pleadings, discovery or orders known by Defendant to have been filed or served in this action.  *See* 28 U.S.C. § 1446(a).

9.      On July 6, 2023, the Superior Court docketed the filing of this matter.

10.     Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within thirty (30) days of July 6, 2023, the date of the Superior Court filing of this Action.

## II.    VENUE

11.     The Superior Court of New Hampshire, County of Cheshire, is located within the District of New Hampshire. *See* 28 U.S.C. § 101. Therefore, venue is proper in this Court because it is the district "embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## III.   BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

12.     This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

13.     Plaintiff's Complaint alleges that Defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, and asserts parallel state law claims under N.H. RSA 354-A, for disability discrimination and retaliation.

14.     By asserting claims under federal law, namely, the ADA, Plaintiff's Complaint asserts a federal question under 28 U.S.C. § 1331.  Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

3

### A.   SUPPLEMENTAL JURISDICTION

15.   Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

16.   Here, Plaintiff's state law claims for disability discrimination and retaliation under N.H. RSA 354-A arise from the same set of operative facts as his ADA claims and mirror his ADA claims.  The claims all arise out of a common nucleus of operative facts: Plaintiff's employment with Dollar General.  Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

17.   Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims do not raise novel or complex issues of state law or predominate over the federal claims for which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction.  *See* 28 U.S.C. § 1367(c).

## IV.   <u>BASIS FOR REMOVAL: DIVERSITY JURISDICTION</u>

18.   Additionally, this action is properly removable because the United States District Court has original jurisdiction in this case under 28 U.S.C. § 1332(a)(1), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States…."

**A.    AMOUNT IN CONTROVERSY**

19.    This is an action to recover damages for alleged violations of N.H. RSA 354-A and the Americans with Disabilities Act, 42 U.S.C. § 12112, 12203(a)-(b).  Plaintiff's Complaint seeks "lost wages, lost earning capacity, lost employment benefits, emotional distress, humiliation, inconvenience, and loss of enjoyment of lift." *See* Exhibit A.

20.    During  the New Hampshire Commission of Human Rights' conciliation process, Plaintiff sought damages in the amount of $100,000.00.

21.    Accordingly, based on the foregoing, the amount in controversy as pleaded by Plaintiff exceeds the sum or value of $75,000.00, exclusive of interest and costs.

22.    Although Defendant does not admit that Plaintiff has been damaged as the result of any acts or omissions, the amount in controversy exceeds $75,000.00.

**B.    DIVERSITY OF CITIZENSHIP**

23.    Plaintiff Miguel Orantes is a natural person domiciled in the state of Vermont and was domiciled at said location at the time such action was commenced.  *See* Exhibit A.

24.    Defendant is a Kentucky limited liability company, with its principal place of business in Goodlettsville, TN. *See* Exhibit C; 28 U.S.C. § 1332(c)(1).

25.    Accordingly, complete diversity of citizenship exists.

**IV.    <u>CONCLUSION</u>**

26.    To date, no pleading has been filed in the state court action, nor have other proceedings transpired in that action.

27.    Pursuant to 28 U.S.C. § 1446(d), Defendant promptly filed a notice to the state court of removal of this action to federal court, along with a copy of this Notice, in the Superior

Court of New Hampshire, County of Cheshire. Additionally, Defendant served a copy of the notice to the state court and a copy of this Notice on Plaintiff.

28.    Pursuant to Local Rule 81.1(c), Defendant will file with the Court certified or attested copies of all records, proceedings and docket entries in the state court within fourteen (14) days after filing this Notice of Removal.

29.    Defendant will send to the Superior Court for filing the Notice of Filing Removal attached hereto as Exhibit G.

30.    By removing this matter, Defendant does not waive, or intend to waive, any defense.

**WHEREFORE**, Defendant respectfully requests to remove the aforesaid action to the United States District Court for the District of New Hampshire.

Dated: August 3, 2023                   Respectfully submitted,

                                        Dolgencorp, LLC

                                        By its attorney,

                                         /s/ Aimee B. Parsons
                                        Aimee B. Parsons, NH Bar #17438
                                        OGLETREE, DEAKINS, NASH, SMOAK &
                                        STEWART, P.C.
                                        Two Monument Square, Suite 703
                                        Portland, ME  04101
                                        Telephone:  207-387-2985
                                        aimee.parsons@ogletree.com

6

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 3, 2023, a copy of this Petition for Removal was sent via first class mail and electronic mail to the following:

> Miguel Orantes
> 53 Atkinson St.
> Bellows Falls, VT  05101
> miguelorantes@gmail.com

August 3, 2023                                     /s/ Aimee B. Parsons
                                                   Aimee B. Parsons