```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Miguel Orantes

    v.                                              Civil No. 23-cv-378-SE
                                                                                   Opinion No. 2023 DNH 141

DG Retail LLC
d/b/a Dollar General Store #21301

## ORDER

Miguel Orantes filed discrimination and retaliation claims against his employer, Dolgencorp, LLC[1] ("Dollar General"), with the New Hampshire Commission for Human Rights ("Commission") and the U.S. Equal Employment Opportunity Commission ("EEOC"). Dollar General subsequently removed Orantes's case from the Commission to state court, and then from state court to this court. It now moves to compel arbitration of his claims under the Dollar General Employee Arbitration Agreement ("Arbitration Agreement"). Orantes, appearing pro se, objects and argues that the court should not compel arbitration in his case. The court agrees with Dollar General that the valid Arbitration Agreement, which he signed, explicitly governs Orantes's employment

---

[1] Orantes named DG Retail LLC d/b/a Dollar General Store #21301 as the defendant in this case. However, in its motion to compel, Dollar General states that Dolgencorp, LLC is the proper defendant. See doc. no. 4 at 1.

discrimination claims and therefore grants its motion to compel arbitration.

## Standard of Review

Except in "exceptional cases where the parties have foregone the submission of record materials and have relied solely on the pleadings to support or oppose [a] motion [to compel arbitration]," the applicable standard of review is the same as on a motion for summary judgment. Rodriguez-Rivera v. Allscripts Healthcare Sols., Inc., 43 F.4th 150, 168 n.15 (1st Cir. 2022). Because deciding Dollar General's motion to compel requires reference to the Arbitration Agreement, this is not one of those "exceptional cases." Id. Therefore, the court reviews the record to determine whether there is a "genuine dispute as to any material fact" relating to arbitration that would preclude granting judgment to Dollar General as a matter of law. Rosen v. Genesis Healthcare, LLC, No. 20-CV-1059-PB, 2021 WL 411540, at *2 (D.N.H. Feb. 5, 2021) (citing Fed. R. Civ. P. 56(a)). "[A]ll reasonable inferences are to be drawn in the nonmoving party's favor," id., and the court construes the pro se plaintiff's pleadings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

Background

Orantes was employed by Dollar General at its store in Walpole, New Hampshire as a part-time sales associate beginning in approximately September 2020. On September 5, 2020, Orantes signed the Arbitration Agreement. It dictates that Dollar General employees adjudicate certain legal claims through arbitration. The Arbitration Agreement also largely waives an employee's right to file a lawsuit against Dollar General.

On November 16, 2020, Orantes filed charges of discrimination and retaliation against Dollar General with the Commission.[2] On December 9, 2022, the Commission issued a finding of probable cause as to those charges. Following the probable cause finding, on July 6, 2023, Dollar General removed the action from the Commission to the New Hampshire Superior Court in Cheshire County. Approximately one month later, on August 3, Dollar General further removed the case from the superior court to this court. On August 9, Dollar General filed a motion to compel arbitration under the Arbitration Agreement. After Orantes failed to object by the August 23 deadline, the court

---

[2] As noted above, Orantes also filed the same claims with the EEOC. On September 22, 2023, the EEOC notified Orantes of his right to sue Dollar General under relevant federal law. Although Orantes equates this notice with a finding of probable cause by the EEOC, there is nothing in the record to support his position. All of this is beside the point, however, as Orantes initiated the state proceeding that was ultimately removed to this court before the EEOC right-to-sue notice was sent to him.

3

held a status conference with the parties via video conference. The court then extended the time for Orantes to object. He filed an objection on September 29. The court held a hearing on November 7.

## Discussion

Enforcement of arbitration agreements in federal court is governed by the Federal Arbitration Act. See 9 U.S.C. § 1 et seq. "There is a strong federal presumption in favor of arbitration." Rosen, 2021 WL 411540, at *3 (citing Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25 (1983)). "Thus, when a party agrees to arbitrate a dispute, the FAA leaves federal courts powerless to address the merits[.] . . . Instead, [courts] must send the parties off, as they agreed, to duke out their dispute in their arbitral forum." Rodriguez-Rivera, 43 F.4th at 167 (citations omitted). "A party seeking to compel arbitration must demonstrate 'that a valid agreement to arbitrate exists, that the movant is entitled to invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope.'" Rosen, 2021 WL 411540, at *3 (quoting Dialysis Access Ctr. v. RMS Lifeline, Inc., 638 F.3d 367, 375 (1st Cir. 2011)).

Dollar General argues that Orantes's claims fall squarely within the parameters of the Arbitration Agreement. In response,

4

Orantes does not dispute the validity of the Arbitration Agreement or whether it governs his claims. He argues, however, that because the Commission found probable cause to support his claims, he should be allowed to pursue those claims in court. In support, Orantes cites E.E.O.C. v. Waffle House, Inc., 534 U.S. 279 (2002).

Waffle House does not support Orantes's argument that an individual employee can pursue claims in a court action when those claims are subject to a valid arbitration agreement. Rather, that case addresses the EEOC's right to bring an enforcement action against an employer despite the existence of an employee's arbitration agreement. Id. at 294. Waffle House has no bearing on this case, in which Orantes, and not the EEOC, is the plaintiff.

The court agrees with Dollar General that Orantes's claims should be sent to arbitration according to the terms of the Arbitration Agreement. The Arbitration Agreement, which Orantes signed on September 5, 2020, is clear and unambiguous. Orantes agreed that arbitration would be the "exclusive means of resolving [his claims] relating to or arising out of [his] employment . . . [including] claims alleging violations of . . . state and federal laws prohibiting discrimination, harassment, and retaliation[.]" Doc. no. 4-2 at 1. Dollar General has met its burden by invoking an arbitration agreement made between

5

itself and Orantes that explicitly governs his discrimination claims. See Rosen, 2021 WL 411540, at *3 (citations omitted). Orantes does not dispute the validity of the Arbitration Agreement or that he is bound by it.

## Conclusion

For the foregoing reasons, the defendant's motion to compel arbitration (doc. no. 4) is granted. Any other pending motion is denied as moot. Notably, Orantes asks the court to "hold on" to his case. Doc. no. 5 at 1. Although there is no doubt that arbitration is mandated in this case, in light of Orantes's pro se status, the case shall be stayed, rather than dismissed, and subject to reopening at the request of either party, as appropriate, following arbitration. In the interim, the clerk shall administratively close the case.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

November 7, 2023

cc: Miguel Orantes, pro se
    Counsel of Record.